**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALPHONSO R. TOBY,
 Appellant,

 v.

DEPARTMENT OF VETERANS
 AFFAIRS,
 Agency.

DOCKET NUMBER
PH-0752-15-0289-I-1

DATE: September 23, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Ralph B. Pinskey, Esquire, Harrisburg, Pennsylvania, for the appellant.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    In a previous appeal, the Board rejected the appellant's contention that terminating his employment constituted discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified at 38 U.S.C. §§ 4301-4333). *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-4324-14-0392-I-1, Final Order, ¶¶ 6-8, 15 (Apr. 2, 2015). The Board acknowledged, however, that the appellant had made arguments in his petition for review suggesting that he was an "employee" within the meaning of 5 U.S.C. § 7511 and that terminating his employment might constitute a "removal" that is appealable to the Board under 5 U.S.C. chapter 75, and it forwarded this "new claim" to the regional office for docketing as a chapter 75 appeal. *Id.*, ¶¶ 14, 16. The Board stated that it was making no finding as to whether it had jurisdiction over this new appeal or whether the chapter 75 claim had been timely raised. *Id.*, ¶ 16.

¶3    The instant appeal was docketed on April 8, 2015. Initial Appeal File, Tab 1, Tab 12, Initial Decision (ID) at 3. Using this date, the administrative judge calculated that the appeal was filed more than 2 years late, as the employment termination occurred in February 2013. ID at 3-4. The administrative judge found that the appellant failed to establish good cause for his "excessive delay" in filing his Board appeal. ID at 5. The primary rationale for so ruling was the administrative judge's determination that the appellant had deliberately opted not to raise a chapter 75 removal claim during the USERRA proceeding. ID at 4.

¶4    In a timely filed petition for review, the appellant contends as follows: it was error for the administrative judge to dismiss the appeal as untimely filed without ruling on whether the appellant established jurisdiction by showing that

he is an "employee" with chapter 75 appeal rights, in that the Board has considered timeliness and jurisdiction to be inextricably intertwined in similar circumstances; the initial decision did not acknowledge or discuss the legal implications of the agency failing to notify him of his adverse action procedural rights; and his adverse action appeal should not be deemed to have been filed in April 2015, but rather in July or September 2014. Petition for Review (PFR) File, Tab 1. The agency did not file a response to the petition for review.

## ANALYSIS

The administrative judge erred in dismissing the appeal as untimely filed without determining whether the appellant established jurisdiction.

¶5    An administrative judge may not dismiss an appeal as untimely without determining whether an appealable action has occurred when issues of timeliness and jurisdiction are "inextricably intertwined," i.e., when resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action. *E.g.*, *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). One of the circumstances in which timeliness and jurisdictional issues are inextricably intertwined is when the jurisdictional question is whether the appellant was an "employee," as defined in 5 U.S.C. § 7511, who is entitled to appeal a removal action but was not given notice of his right to appeal his termination as an adverse action. *See Smart v. Department of Justice*, 113 M.S.P.R. 393, ¶¶ 10−11 (2010), *overruled on other grounds by Smart v. Department of Justice*, 116 M.S.P.R. 582 (2011). The agency's termination notice did not inform the appellant that he had the right to appeal his termination to the Board as a removal action. *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-4324-14-0392-I-1, Initial Appeal File (0392 IAF), Tab 1 at 10. Accordingly, it was error for the administrative judge to dismiss the instant appeal as untimely filed without first determining if the appellant had established jurisdiction. The case must therefore be remanded to the regional office to resolve whether the appellant established jurisdiction.

¶6        The jurisdictional question to be resolved is whether the appellant, in his capacity as a Housekeeping Aid in 2012 and 2013, was an "employee" as defined in 5 U.S.C. § 7511(a)(1)(B), i.e., a "preference eligible in the excepted service who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  PFR File, Tab 1 at 4-9.[2]  In addition to whether the appellant is preference eligible and whether he was employed in the excepted service, resolving this question will require consideration of two additional issues:  whether the Board should deem the appellant's appointment in 2012 to have been a temporary one; and whether the appellant in fact completed 1 year of continuous service as a Housekeeping Aid in 2012-2013.    Regarding the first question, the appellant relies on *Roden v. Tennessee Valley Authority*, 25 M.S.P.R. 363 (1984).  In *Roden*, the Board held that the appellant established jurisdiction under 5 U.S.C. § 7511(a)(1)(B), even though he held a series of appointments designated as temporary that were separated by short breaks in service.  25 M.S.P.R. at 367-68.  The Board reasoned that the agency had "effectively entered into a continuing contract" with the appellant, and that, "although these appointments purportedly constituted only temporary employment, they in fact reflected the appellant's nontemporary employment in a continuing position or positions."  *Id.* at 368.  The appellant argues that, as in *Roden*, the Board is not bound by the agency's characterization of his 2012 appointment as "temporary."  PFR File, Tab 1 at 6-7.[3]

---

[2] As discussed below, the appellant's legal rationale for why he is a chapter 75 "employee" has changed from when he first raised this claim during the USERRA proceeding.

[3] The appellant is not, as in *Roden*, claiming that different appointments that include short breaks in service should count as "continuous" service.  He instead asserts that he performed a full year in a nontemporary appointment that began on February 26, 2012, and ended at the end of the work day on February 25, 2013.  PFR File, Tab 1 at 7-8.

Should the administrative judge find that the appellant has established jurisdiction, he shall find that the appeal was timely filed and that the removal must be reversed because the agency denied him due process of law.

¶7    When an agency fails to advise an employee of appeal rights when it should have done so, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights; rather, he must show that he was diligent in filing an appeal after learning that he could do so. *Brown*, 115 M.S.P.R. 609, ¶ 5; *Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 588 (1995). As noted above, the administrative judge's primary rationale in finding that the appellant was not diligent in pursuing an adverse action appeal was that the appellant deliberately opted not to raise a chapter 75 claim during the USERRA proceeding. We find, to the contrary, that the record shows that the appellant raised an adverse action claim during the USERRA proceeding, and that he did so as soon as he discovered a basis for such a claim.

¶8    The appellant's initial filing on December 2, 2013, stated on its face that it was a USERRA appeal, 0392 IAF, Tab 1, which was recognized in the administrative judge's acknowledgment order issued the following day, 0392 IAF, Tab 2.[4] In an order issued on March 6, 2014, however, the administrative judge stated, without mentioning a USERRA claim, that it "appears the appellant was serving in a temporary appointment," cited legal authority for the proposition that employees serving in temporary appointments lack adverse action appeal rights, and ordered the appellant to submit evidence and argument to establish jurisdiction. 0392 IAF, Tab 8. This order could have been read as indicating either that the administrative judge believed that the appellant was raising a chapter 75 claim rather than a USERRA claim, or that the administrative judge believed that a temporary appointment might defeat USERRA jurisdiction. The appellant's response to the March 6 order seems to

---

[4] The administrative judge did not, however, issue a jurisdictional order regarding the requirements for a USERRA appeal until months later, on June 19, 2014. 0392 IAF, Tab 11.

reflect both possibilities, stating that the chapter 75 case law cited in the March 6 Order was inapposite because he had filed a USERRA claim, and he cited authority for the proposition that serving under a temporary appointment did not affect USERRA jurisdiction. 0392 IAF, Tab 9. In any event, the record does not support the administrative judge's view that the appellant adamantly insisted that he was asserting only a USERRA claim and rejected the opportunity to also raise a chapter 75 claim. It could not have appeared to the appellant that the administrative judge was genuinely offering an opportunity to file a chapter 75 claim, as the legal authorities cited by the administrative judge indicated that a chapter 75 claim was not feasible for an employee with a temporary appointment.

¶9        Subsequently, the appellant did claim he was a chapter 75 "employee" in two pleadings filed in July 2014, the month before the USERRA initial decision was issued. In the first, he indicated that he had just learned of a basis for believing that he might be a "reinstated" employee. 0392 IAF, Tab 27. Three days later, he filed a Motion to Expand Scope of Hearing, 0392 IAF, Tab 28, to include the issue of "whether Appellant's February 27, 2012 appointment[5] was a reinstatement that met the criteria of 5 CFR Section 315.801(a)(2), in which case Appellant was a statutory 'employee' with adverse action rights under 5 U.S.C. Section 7511(a)(1)(A)(i) when the Agency terminated his employment," 0392 IAF, Tab 28 at 1. The administrative judge denied the motion, essentially ruling that the appellant's argument for jurisdiction as a reinstated employee was without merit. 0392 IAF, Tab 30.

¶10       For the reasons discussed above, we conclude that the appellant raised a claim that he was a chapter 75 "employee" with adverse action appeal rights as soon as he had reason to question the agency's statements and documentation that he was serving under a "temporary" appointment. And, although the appellant's

---

[5] The Standard Form 50 documenting the appellant's appointment listed the effective date as February 26, 2012, a Sunday. 0392 IAF, Tab 31 at 4. The appellant appears to have reported for duty on Monday, February 27, 2012.

legal rationale for why he is a chapter 75 "employee" has changed over time, he has maintained such a claim from July 2014 to the present.  If the administrative judge should determine on remand that the appellant has established jurisdiction under chapter 75, he also shall find that this claim was timely raised.  Moreover, the administrative judge shall in that event reverse the appellant's removal, as it is undisputed that the agency failed to provide him with minimal due process, i.e., prior notice and a meaningful opportunity to respond.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991).

**ORDER**

¶11      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.